1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARLEEN A.,

                          Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.

Case No. 3:19-cv-05184

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her] applications for disability insurance ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for further proceedings.

## I.    ISSUES FOR REVIEW

1.  Did the ALJ err in evaluating the medical opinion evidence?
2.  Did the ALJ properly assess Plaintiff's testimony?
3.  Did the ALJ err in evaluating lay witness statements?

## II.    BACKGROUND

On February 8, 2016, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of November 1, 2014. AR 17, 207-13, 214-20. Plaintiff's

1  applications were denied upon initial administrative review and on reconsideration. AR

2  17, 125-32, 135-39, 140-46. A hearing was held before Administrative Law Judge

3  ("ALJ") Paul Gaughen on February 7, 2018. AR 48-75. On February 22, 2018, the ALJ

4  Gaughen issued a written decision finding that Plaintiff was not disabled. AR 14-32. On

5  January 7, 2019, the Social Security Appeals Council denied Plaintiff's request for

6  review. AR 1-6.

7       Plaintiff seeks judicial review of the ALJ's decision. Dkt. 4.

8                   III.       STANDARD OF REVIEW

9       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

10  denial of social security benefits if the ALJ's findings are based on legal error or not

11  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

12  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

14  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

15                   IV.       DISCUSSION

16       In this case, the ALJ found that Plaintiff had the severe, medically determinable

17  impairments of generalized anxiety-related disorder and remote history of substance

18  addiction. AR 19. The ALJ also found that Plaintiff had the non-severe impairments of

19  psoriasis and a thyroid abnormality. AR 19-20.

20       Based on the limitations stemming from these impairments, the ALJ found that

21  Plaintiff could perform a full range of work at all exertional levels, with a range of non-

22  exertional environmental and mental limitations. AR 22. Relying on vocational expert

23  ("VE") testimony, the ALJ found that while Plaintiff could not perform her past work, she

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

could perform other unskilled jobs at step five of the sequential evaluation; therefore the ALJ determined at step five that Plaintiff was not disabled. AR 30-32, 70-73.

A. <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

Plaintiff maintains that the ALJ erred in evaluating opinion evidence from examining psychologist Alysa Ruddell, Ph.D. and non-examining state agency consultant John F. Robinson, Ph.D. Dkt. 12, pp. 3-7.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

1. <u>Dr. Ruddell</u>

Dr. Ruddell examined Plaintiff on February 1, 2016 for the Washington Department of Social and Health Services ("DSHS"). AR 344-48. Dr. Ruddell's evaluation consisted of a clinical interview, a mental status examination, and a psychological self-assessment. Based on this evaluation, Dr. Ruddell opined that Plaintiff would have a range of moderate and marked mental limitations, along with a severe limitation in learning new tasks. AR 346.

1

2

3

4

The ALJ assigned "partial weight" to Dr. Ruddell's opinion, reasoning that although Dr. Ruddell examined the Plaintiff and her opinion was somewhat consistent with the record, the marked and severe mental limitations assessed by Dr. Ruddell were inconsistent with Plaintiff's ability to attend college and care for her mother. AR 28.

5

6

7

8

A claimant's participation in everyday activities indicating capacities that are transferable to a work setting may constitute a specific and legitimate reason for discounting a medical opinion. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

9

10

11

12

Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

13

14

15

In this case, Plaintiff's activities do not indicate capacities transferable to a work setting, and cannot serve as a specific and legitimate reason for discounting Dr. Ruddell's opinion.

16

17

18

19

20

21

22

23

The evidence cited by the ALJ concerning Plaintiff's ability to care for mother consists of two brief statements that Plaintiff made to her mental health treatment provider in 2016. AR 21, 28 citing AR 393, 403. In the first, from November 2016, Plaintiff states that she withdrew from classes that quarter to help her mother move. AR 403. In the second, from December 2016, Plaintiff said that she was staying at her mother's home 2 to 3 days a week, which was taking a toll on her emotionally and making it difficult to pursue her goals. AR 393. Plaintiff said she was planning to speak with her sister about arranging other support for her mother. *Id.* Elsewhere in the record,

24

25

Plaintiff stated that she does not take care of her mother on a consistent basis, that she seeks out her mother for emotional support, and that her mother began supporting her financially in 2015. AR 344-45, 397, 416. To the extent Plaintiff served as a caregiver for her mother, she did so intermittently and with great difficulty; Plaintiff's mother both provided support to Plaintiff and received it from Plaintiff.

With respect to her education, Plaintiff previously worked as a certified nurse's assistant, but went back to school in 2013. AR 54-55. Plaintiff testified she dropped out several times due to panic attacks and anxiety, and never completed her degree. *Id.* Plaintiff's testimony is consistent with the record from the period at issue, during which Plaintiff repeatedly stated that her anxiety and post-traumatic stress symptoms were interfering with her ability to complete her education. AR 397, 399, 401, 403, 428, 491. Plaintiff's education was repeatedly interrupted by her mental health symptoms, and she has yet to complete her degree.

Dr. Robinson

On June 20, 2016, non-examining state agency psychologist Dr. Robinson offered an opinion concerning Plaintiff's limitations. AR 106-08, 119-21. Dr. Robinson opined that Plaintiff should not work with the public and stated that Plaintiff's anxiety would interrupt her ability to complete a workweek. *Id.*

The ALJ assigned "little weight" to Dr. Robinson's opinion; the ALJ reasoned that although De. Robinson was familiar with Social Security regulations and had the opportunity to examine the medical record, his opinion: (1) was vague, indicating that Plaintiff's anxiety would interrupt her ability to complete a workweek without actually describing her capabilities and limitations; (2) was inconsistent with the record, which

1   indicates that her mental health symptoms improved with treatment; (3) was

2   inconsistent with Plaintiff's ability to attend college and care for her mother; and (4) was

3   not entirely consistent with Plaintiff's ability to shop, run errands, and attend school. AR

4   30.

5         With respect to the ALJ's first reason, a finding that a physician's opinion is too

6   vague to be useful in making a disability determination can serve as a specific and

7   legitimate reason for discounting that opinion. *See* 20 C.F.R. §§ 404.1527(c)(3),

8   416.927(c)(3) (The better the explanation supporting a medical opinion, the more weight

9   the Social Security Administration will give that opinion); *see Meanel v. Apfel*, 172 F.3d

10   1111, 1114 (9th Cir. 1999) (holding that statement that the plaintiff would have

11   "decreased concentration skills" was too vague to be useful in the disability

12   determination).

13         Dr. Robinson's statement that Plaintiff's anxiety would "interrupt her ability to

14   complete a workweek" does not indicate how often, or to what extent, her anxiety would

15   interrupt her work,; therefore, the ALJ has provided a specific and legitimate reason for

16   discounting this part of Dr. Robinson's opinion.

17         With respect to Dr. Robinson's opinion that Plaintiff "should not work with the

18   public", Dr. Robinson stated that Plaintiff would have no significant limitations in most

19   areas of social functioning, and would have no more than moderate limitations in

20   interacting appropriately with the public. AR 107, 120.

21         In assessing Plaintiff's mental limitations, the ALJ found that Plaintiff could

22   perform work that does not require her to engage in higher level or sophisticated social

23   interaction, especially with new and unfamiliar people, and could perform work that

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1    involves engaging in routine and perfunctory social interaction with supervisors, co-

2    workers, and the public. AR 22.

3    The limitations the ALJ included in Plaintiff's residual functional capacity ("RFC")

4    are consistent with, and more restrictive than, those included in Dr. Robinson's opinion.

5    Therefore, even if the ALJ erred in evaluating Dr. Robinson's opinion concerning

6    Plaintiff's ability to interact with the public, any error would be harmless. *Molina v.*

7    *Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (noting that harmless error principles apply

8    in the Social Security context).

9    B.  Whether the ALJ erred in assessing Plaintiff's testimony

10    Plaintiff contends that the ALJ failed to provide clear and convincing reasons for

11    discounting her symptom testimony. Dkt. 12, pp. 7-15.

12    In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

13    *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

14    there is objective medical evidence of an underlying impairment that could reasonably

15    be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

16    F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

17    evidence of malingering, the second step allows the ALJ to reject the claimant's

18    testimony of the severity of symptoms if the ALJ can provide specific findings and clear

19    and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

20    *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

21    In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

22    allegations concerning her mental health symptoms are inconsistent with the record; (2)

23    Plaintiff's mental health symptoms improved when she was compliant with treatment;

24

25

(3) Plaintiff offered inconsistent statements about why she stopped working; (4) Plaintiff received unemployment benefits and searched for employment during the period at issue; and (5) Plaintiff's allegations are inconsistent with her self-reported activities of daily living. AR 26-28.

With respect to the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

As for the ALJ's second reason, Social Security Ruling ("SSR") 16-3p provides that if an individual fails to follow prescribed treatment that might improve symptoms, an ALJ may find that the alleged intensity of an individual's symptoms is inconsistent with the record.

Here, the ALJ found that Plaintiff stopped taking her prescribed medication, Paxil, during the period at issue, and was discharged by her service provider after repeatedly missing therapy appointments. AR 26-27, 309, 382-83, 406-07, 443, 444, 445, 447, 448, 450, 451, 452, 456, 457, 461, 477-78, 499, 509, 520, 525, 534.

The ALJ found that Plaintiff's mental health symptoms improved when she attended her therapy appointments and took her medication, which she reported improved her symptoms by 85 percent. AR 26-27, 60, 287, 349-50, 483, 496-97; *Warre*

1  *v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that

2  can be effectively controlled by medication or treatment are not considered disabling for

3  purposes of social security benefits).

4      The Social Security Administration will not find an individual's symptoms

5  inconsistent with the evidence in the record because the frequency or extent of the

6  treatment sought by an individual is not comparable with the degree of the individual's

7  subjective complaints "without considering possible reasons he or she may not comply

8  with treatment or seek treatment consistent with the degree of his or her complaints."

9  *See* SSR 16-3p.

10      Here, the ALJ found that when asked about her spotty treatment history during

11  the hearing, Plaintiff alleged that she stopped attending treatment appointments

12  because she was too anxious to leave home. AR 27, 61-62. The ALJ found that

13  Plaintiff's explanation was unpersuasive, and that her missed appointments were due to

14  personal stressors, such as dealing with schoolwork and taking care of her mother,

15  rather than her anxiety symptoms. AR 27,

16      The ALJ's finding is supported by the record; Plaintiff cancelled appointments

17  due to family emergencies, transportation issues, being overwhelmed with schoolwork,

18  and oversleeping. AR 393, 403, 440, 443, 445, 448-49, 454. *See Fair v. Bowen*, 885

19  F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . .

20  . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the

21  claimant's pain testimony.").

22      Plaintiff's selective compliance with her treatment regimen, her lack of an

23  adequate explanation for her non-compliance, and her improvement when she did

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

comply with this regimen all supported the ALJ's reasonable inference that Plaintiff's symptoms were not as "all-disabling" as she reported. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that a failure to pursue consistent treatment for an impairment can serve as "powerful evidence" that a claimant's impairments are not as severe as alleged).

Accordingly, the ALJ has provided clear and convincing reasons for discounting Plaintiff's testimony.

While the ALJ has provided additional clear and convincing reasons for discounting Plaintiff's testimony, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

C. Whether the ALJ properly evaluated lay witness statements

Plaintiff contends that the ALJ erred in evaluating a statement from Plaintiff's daughter. Dkt. 12, pp. 15-17.

When evaluating opinions from non-acceptable medical sources such as family members, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

1   Plaintiff's daughter provided a statement concerning Plaintiff's functional

2   limitations on March 31, 2016 that largely echoes Plaintiff's allegations concerning her

3   mental health symptoms. AR 254-61, compare with AR 277-84.

4   The ALJ assigned "partial weight" to this statement, reasoning that her

5   statements concerning Plaintiff's daily activities were generally consistent with the

6   record, but: (1) her statements regarding the severity of her mother's mental health

7   problems are not consistent with medical evidence indicating that the claimant's

8   symptoms actually improved with appropriate treatment; and (2) her statements

9   regarding her mother's social limitations are also not consistent with Plaintiff's ability to

10  shop, run errands, and attend school. AR 29.

11  For the reasons discussed above, the ALJ's finding that Plaintiff's symptoms

12  improved when she was compliant with her treatment regimen is supported by

13  substantial evidence. *See supra* Section IV.B; *see also Valentine v. Comm'r, Soc. Sec.*

14  *Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (An ALJ may reject lay witness testimony for

15  the same reasons he or she rejected a claimant's subjective complaints if the lay

16  witness statements are similar to such complaints).

17  Accordingly, the ALJ has provided a germane reason for discounting the

18  statement from Plaintiff's daughter.

19  D.  Remand for Further Proceedings

20  Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 12, pp.

21  18-19. "'The decision whether to remand a case for additional evidence, or simply to

22  award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

23  682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1    an ALJ makes an error and the record is uncertain and ambiguous, the court should

2    remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

3    (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

4    the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

5    at 668.

6          The Ninth Circuit has developed a three-step analysis for determining when to

7    remand for a direct award of benefits. Such remand is generally proper only where

8          "(1) the record has been fully developed and further administrative
           proceedings would serve no useful purpose; (2) the ALJ has failed to
9          provide legally sufficient reasons for rejecting evidence, whether claimant
           testimony or medical opinion; and (3) if the improperly discredited
10         evidence were credited as true, the ALJ would be required to find the
           claimant disabled on remand."

11   *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

12   2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element

13   is satisfied, the district court still has discretion to remand for further proceedings or for

14   award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

15         Here, the ALJ erred in evaluating Dr. Ruddell's opinion. However, the ALJ's

16   decision is otherwise supported by substantial evidence, and there remains significant

17   doubt concerning whether Plaintiff would be disabled even if Dr. Ruddell's opinion were

18   credited as true. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts

19   have the flexibility to remand for further proceedings when the record as a whole

20   creates "serious doubt" as to whether the claimant is disabled within the meaning of the

21   Social Security Act.). Accordingly, remand for further proceedings is the appropriate

22   remedy.

23

24

25

1

CONCLUSION

2          Based on the foregoing discussion, the Court finds the ALJ erred when she found

3   Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore

4   REVERSED and this matter is REMANDED for further administrative proceedings. The

5   ALJ is directed to re-assess the opinion of Dr. Ruddell on remand.

6          Dated this 30th day of September, 2020.

7

8

9

10                                            Theresa L. Fricke
                                              United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13